J-S25029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAMEEK MAYES | : | |
| | : | |
| Appellant | : | No. 2616 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 8, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at CP-09-CR-0002257-2021

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                **FILED AUGUST 22, 2023**

Shameek Mayes (Appellant) appeals from the judgment of sentence entered following his guilty plea to two counts of theft by unlawful taking – movable property; and one count each of robbery of a motor vehicle and recklessly endangering another person (REAP).[1]  Contemporaneous with this appeal, Appellant's counsel, Peter M. Williams, Esquire (Counsel), filed an application to withdraw from representation and a brief in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

---

[1] **See** 18 Pa.C.S.A. §§ 3921, 3702, 2705.

The trial court summarized the factual basis for Appellant's guilty plea as follows:

On December 24, 2020, at approximately 8:17 in the evening, Philadelphia police responded to the 1800 block of Thompson Street in Philadelphia County. The Victim, Brock Aydin, reported that he had been making a food delivery and parked his vehicle, a 2017 gray Toyota Camry, with the engine running.

An unknown male exited an orange Honda and entered the Victim's vehicle and began driving the Victim's vehicle northbound on 18th Street. The Victim jumped on the hood of his vehicle in an attempt to stop the male from driving away. The male did not stop and continued driving, swerving the vehicle so that the Victim fell from the hood of the vehicle and sustained numerous injuries[,] including a crack to his head, his wrists, and arms and legs. The Victim reported that he had $9,800 in cash in the vehicle at the time of the robbery.

A few hours later on December 25, 2020, at approximately 1:01 in the morning, [Northampton Township Police Officer Thomas Hayse Reinhardt, Jr. (Officer Reinhardt),] was on patrol on Second Street Pike in Northampton Township, Bucks County. He observed a silver Toyota sitting on the side of the roadway. As Officer Reinhardt passed the vehicle, he observed that there was no license plate on the vehicle.

Officer Reinhardt initiated a traffic stop, and [Appellant] … was found to be the operator of the vehicle. A female that was identified as Annmarie Tennessee was in the front passenger seat of the vehicle.

Upon investigating, Officer Reinhardt discovered that the vehicle was reported stolen just hours earlier out of Philadelphia. [Appellant] was arrested. On his person, Officer Reinhardt found approximately $9,623 in cash in [Appellant's] pants pocket. The vehicle was trashed and there was damage to the exterior as well.

At an in-person lineup, the Victim, who was the owner of the vehicle, picked [Appellant] out of the lineup as the individual who took the Victim's vehicle on December 24, 2020.

Trial Court Opinion, 1/30/23, at 1-2.

As a result of an agreement between Bucks County and Philadelphia County, all charges were filed in Bucks County. On July 8, 2022, Appellant pled guilty to the above charges. In exchange, the Commonwealth had *nolle prossed* two counts of receiving stolen property, and one count each of robbery – infliction of bodily injury and simple assault.[2] That same date, the trial court sentenced Appellant to an aggregate 4½ - 10 years in prison for robbery. For Appellant's conviction of REAP, the court imposed a consecutive two years of probation.

Appellant filed motions to reconsider sentence and withdraw guilty plea. The trial court denied reconsideration of its sentence on July 20, 2022. On September 27, 2022, after a hearing, the court denied Appellant's motion to withdraw his guilty plea. Trial Court Order, 9/27/22. Appellant timely filed the instant appeal. Counsel filed a Pa.R.A.P. 1925(b) concise statement indicating the appeal is frivolous and Counsel intended to withdraw from representation. The trial court filed an opinion.

We first examine Counsel's request to withdraw. *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015) (requiring this Court to first review whether counsel has met the procedural requirements of *Anders* and *Santiago*). An attorney seeking to withdraw from representation on appeal must

---

[2] *See* 18 Pa.C.S.A. §§ 3925, 3701, 2701(a)(3).

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant seems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (quoting **Santiago**, 978 A.2d at 361). Once counsel has complied with these procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an **Anders** brief and a separate application to withdraw. By letter, Counsel (1) informed Appellant of his intent to withdraw; (2) advised Appellant of his right to proceed *pro se* or with private counsel; and (3) indicated Counsel provided Appellant with a copy of the application to withdraw and **Anders** brief. Letter, 5/15/23. The **Anders** brief summarizes the factual and procedural history of this appeal and explains Counsel's reasons for concluding the appeal is wholly frivolous. As Counsel has complied

with the requirements of *Anders* and *Santiago*, we next review the issues in the *Anders* brief.

As the *Anders* brief states,

Appellant's right to appeal is limited to the following four grounds:

1. The guilty plea was not voluntary, or knowing, or intelligent;

2. The [trial court] did not have jurisdiction (authority) to accept the plea because the crime(s) did not occur in Bucks County;

3. The sentence is illegal because it is beyond the maximum penalties authorized by law; and

4. Counsel was ineffective in representing [Appellant].[3]

*Anders* Brief at 11 (footnote added).

Counsel first asserts that any challenge to the guilty plea as unknowing and involuntary lacks support in the record. *Id.* at 11-12. Upon review, we agree.

To be valid, a plea must be voluntary, knowing, and intelligent. *Commonwealth v. Persinger*, 615 A.2d 1305, 1307 (Pa. 1992).

This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005); *see also* Pa.R.Crim.P. 590, cmt….

_____

[3] Generally, claims of counsel's ineffectiveness should be deferred to collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013).

*Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

Instantly, Appellant sought to withdraw his plea after sentencing. We have explained:

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny [than a pre-sentence request,] since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citations and quotation marks omitted). We presume "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017) (citation omitted).

Our review discloses Appellant completed both a written and oral guilty plea colloquy. The written colloquy, signed by Appellant, confirmed his understanding that (1) he had right to a jury trial and was presumed innocent; (2) by pleading guilty he gave up his right to challenge the Commonwealth's evidence against him and his grounds for appeal would be limited; (3) the court was not bound to accept the terms of the plea agreement; (4) he had sufficient time to discuss the plea with his attorney and he was not forced or threatened to enter the plea; (5) he waived preparation of a presentence investigation report; and (6) no promises had been made to him, other than

those negotiated by Counsel in exchange for his plea. *See* Written Guilty Plea Colloquy at 2-10.

At the plea hearing, the Appellant agreed to the nature of the charges and the factual basis for his plea. *See* N.T., 7/8/22, at 5-7, 21. Appellant acknowledged he and Counsel reviewed the written plea colloquy. *Id.* at 20. Appellant confirmed he understood his right to a jury trial and the presumption of his innocence. *Id.* at 22-23. Appellant acknowledged the rights he gave up by pleading guilty. *Id.* at 22-26. The trial court advised Appellant of the maximum sentences it could impose and the sentencing guidelines ranges. *Id.* at 8, 10. Appellant confirmed he tendered his guilty plea voluntarily. *Id.* at 21. Thus, the record establishes Appellant knowingly, voluntarily, and intelligently tendered his guilty plea. Any issue challenging Appellant's plea would lack merit and be frivolous.

The *Anders* brief additionally addresses Appellant's challenge to the authority of the Bucks County Court of Common Pleas:

> [T]he recurring theme to the transcripts in this matter concern what Appellant refers to as "lack of jurisdiction." The essence of this claim is that the robbery took place in Philadelphia County on December 24, 2020, and Appellant was found in Bucks County almost five hours later when he was arrested in the car and with the money the [V]ictim alleged was taken. Appellant does not believe that he should have been prosecuted in Bucks County, Pennsylvania. However, the Bucks County venue was agreed through correspondence from the Philadelphia District Attorney's Office to the Bucks County District Attorney's Office pursuant to Pa.R.Crim.P. 130(c) (commonly referred to as a *McPhail* letter as set forth in *Commonwealth v. McPhail*, 692 A.2d 139 (Pa. 1997).

***Anders*** Brief at 13. The ***Anders*** brief concedes this issue implicates venue, not jurisdiction. ***Id.*** Regardless, the brief concludes the issue would lack merit and is frivolous. ***Id.*** at 14-16. We agree.

"All criminal proceedings in … shall be brought before the issuing authority for the magisterial district in which the offense is alleged to have occurred." Pa.R.Crim.P. 130(A). Rule 130 recognizes several exceptions. Notably,

> [w]hen charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred.

Pa.R.Crim.P. 130(A)(3); ***see also*** Pa.R.Crim.P. 555 (addressing transfer of proceedings in "cases in which charges arising from a single criminal episode occur in more than one judicial district").

> [A] condition precedent to the exercise by a single county to [venue] in a case involving multiple offenses in various counties is: the offense must constitute a single criminal episode. If a number of charges are logically or temporally related and share common issues of law and fact, a single criminal episode exists…..
>
> The temporal relationship between criminal acts will be a factor which frequently determines whether the acts are "logically related." However, the definition of a "single criminal episode" should not be limited to acts which are immediately connected in time. "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

***Commonwealth v. Callen***, 198 A.3d 1149, 1160 (Pa. Super. 2018) (citation omitted).

- 8 -

The ***Anders*** brief concludes that a venue challenge would not merit relief:

> Appellant pled guilty to robbery for taking a motor vehicle in Philadelphia County at 8:17 p.m.[,] and was caught with the same motor vehicle in Bucks County at 1:01 a.m.[,] with the money that the [V]ictim reported was left in his vehicle. Although the theft of the motor vehicle and the money occurred in Philadelphia County, Appellant was found in Bucks County in possession of the stolen car and stolen money less than five hours later. The crimes are therefore certainly temporally and logically related.

***Id.*** at 15-16. The factual basis for Appellant's plea confirms this issue lacks merit and is frivolous. ***See*** N.T., 7/8/22, at 5-7; ***see also Callen***, 198 A.3d at 1160; 42 Pa.C.S.A. § 931(a) ("[T]he courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings[.]").

Based on the forgoing, we agree with Counsel's conclusion that Appellant's appeal is frivolous, and our independent review discloses no non-frivolous issues Appellant could present on appeal.[4] Accordingly, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application granted. Judgment of sentence affirmed.

---

[4] Counsel acknowledges and we agree that Appellant's mitigated-range sentences are not illegal. Appellant's Brief at 12. ***See Commonwealth v. Bickerstaff***, 204 A.3d 988, 995 (Pa. Super. 2019) (stating an illegal sentence is one imposed without statutory authorization or in excess of the statutory maximum).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2023